LUMPKIN, Vice-Presiding Judge:
Concur in Results.
¶ 1 I concur with the Court’s decision to affirm the conviction and death sentence in this case, however, I write separately to address the following issues.
¶ 2 In Proposition VI addressing expert witness testimony, the scope of expert testi *408 mony is limited as set forth in White v. State, 973 P.2d 306, 314-15 (Okl.Cr.1998) (Lumpkin, J. specially concur). Further, Dr. Courtnay’s opinion testimony went to the cause of the victim’s injuries, not Appellant’s guilt or innocence. Therefore, no error occurred. Revilla v. State, 877 P.2d 1143, 1150 (Okl.Cr.1994), cert. denied, 513 U.S. 1096, 115 S.Ct. 764, 130 L.Ed.2d 661 (1995).
¶3 In Proposition XII, an Enmund/Ti-son analysis does not apply to Appellant’s case as he was the actual perpetrator and the findings in Enmund and Tison concerned non-triggerman co-defendants. This is a significant distinction which renders the death qualifying language of Enmund and Tison inapplicable. See Wisdom v. State, 918 P.2d 384, 395 (Okl.Cr.1996). This finding is consistent with Cabana v. Bullock, 474 U.S. 376, 386, 106 S.Ct. 689, 697, 88 L.Ed.2d 704, 716 (1986), wherein the Supreme Court stated the Eighth Amendment is not violated by the execution of a person who “in fact killed, attempted to kill, or intended to kill.” Id. The Oklahoma Constitution does not impose a higher standard than the Federal Constitution regarding the holdings of Enmund or Tison.
¶ 4 Addressing the sufficiency of the evidence to support the aggravator “especially heinous, atrocious or cruel” in Proposition XIV, this Court has found the mental torture experienced by the victim prior to the murder sufficient to support the aggravator. Hawkins v. State, 891 P.2d 586, 597 (Okl.Cr.1995); Revilla, 877 P.2d at 1155. In reviewing the evidence offered in support of this aggravator, we look for proof that the death was preceded by torture or serious physical abuse. Revilla, 877 P.2d at 1155. This includes evidence which shows the infliction of either great physical anguish or extreme mental cruelty. Hain v. State, 919 P.2d 1130, 1146 (Okl.Cr.), cert. denied, 519 U.S. 1031, 117 S.Ct. 588, 136 L.Ed.2d 517 (1996). In the present case, the mental anguish experienced by the victim as a result of Appellant’s repeated instances of abuse constituted extreme mental cruelty and is sufficient to support the mental torture aspect of the aggravator.
¶ 5 Finally, in footnote 78 the Court summarily denies the Application for Evidentiary Hearing on Sixth Amendment Grounds. In the application Appellant asserts that counsel was ineffective for not adequately developing and presenting Appellant’s mental health history by failing to present: 1) testimony from Dr. Murphy at either stage of trial; 2) testimony from family members with knowledge of Appellant’s history of seizures; and 3) testimony from Dr. Hopewell that Appellant suffered from organic brain damage. Appellant also argued trial counsel was ineffective in failing to: 1) present witnesses to rebut the continuing threat aggravator; 2) rebut the testimony of Toby Malicoat; 3) present witnesses showing that Appellant would not be a continuing threat in prison; and 4) present other mitigating witnesses.
¶ 6 Rule 3.11(B)(3)(b), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (1998) allows an appellant to request an evidentiary hearing when it is alleged on appeal that trial counsel was ineffective for failing to “utilize available evidence ... which could have been made available during the course of trial.” Once an application has been properly submitted along with supporting affidavits, this Court reviews the application to see if it contains “sufficient evidence to show this Court by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence.” Rule 3.11(B)(3)(b)(i). While Appellant has provided a great deal of information in the affidavits accompanying his application, he has failed to set forth sufficient evidence to warrant an evidentiary hearing. He has failed to show by clear and convincing evidence a strong possibility that defense counsel was ineffective for failing to utilize or identify the complained-of evidence. While Appellant may have a history of seizures, the record is void of any evidence that his actions were caused by or related to a seizure. Accordingly, I would decline to grant Appellant’s application for an eviden-tiary hearing.
¶ 7 I am authorized to state that Judge Lile joins in this concur in result.